SAMUEL I. THURSBY, Appellant, *v.* WILLIAM V. LIDGER-WOOD, Respondent.

Plaintiff and three brothers, who were partners, recovered judgment in 1857 against defendant. In 1859 plaintiff's firm made an assignment for the benefit of creditors ; the judgment was sold at auction and bid off by D. for a nominal sum. D. had been attorney for the assignors and bid off the judgment for their benefit. In 1866 R., one of the brothers, the other two having died, executed an assignment of the judgment in his own name and as attorney for plaintiff to J. In 1874 D. assigned the judgment to plaintiff. In an action upon the judgment *held*, that the purchase by D. was in legal effect a purchase by plaintiff and his partners and vested the title in them, and his assignment to plaintiff conveyed no interest ; that in the absence of proof it was to be presumed that such purchasers held the judgment as partners, not as tenants in common, and either of the surviving partners had authority to sell the judgment to close up the business, each being for that pur-

pose the agent of the other; and that therefore the assignment to J. was valid as a transfer of the whole judgment, and plaintiff had no cause of action.

(Argued March 22, 1877; decided April 3, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of defendant, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Walter S. Logan,* for the appellant.     Plaintiff was neither party nor privy to the assignment made in 1866, and cannot be bound by it. (*Griswold* v. *Waddington*, 15 J. R., 57; Story on Part., 280, 302; *Vanness* v. *Fisher*, 5 Lans., 236.)

*Fithian & Clark,* for the respondent.

CHURCH, Ch. J.     This action is upon a judgment recovered in 1857 by the plaintiff and his brothers, Robert G., John B. and James S. C. Thursby, who were at the time co-partners.     In 1859 they made an assignment of their property, including this judgment for the benefit of creditors, to one Trask who, in 1861, sold the same, with other assets, at auction, and on such sale this judgment was struck off and sold to one Dyer for the nominal sum of two cents.     In 1866, prior to which time two members of the firm, John and James, had died, Robert G. Thursby executed an assignment of the judgment in his own name and as attorney for the plaintiff to one John H. Lidgerwood, and in 1874 Dyer assigned the judgment to the plaintiff.

It was found by the referee that Dyer had been attorney for the Thursbys, and purchased the judgment for them and for their benefit, and held that the assignment from Robert G. to Lidgerwood conveyed a good title, and dismissed the complaint on the ground that the plaintiff was not the owner

of the judgment, which was affirmed by the General Term. The judgment was evidently regarded as of little or no value, and for many years no one seems to have made any claim to it.

The point is made that the evidence was not sufficient to justify the finding that Dyer bid off the judgment for the Thursbys. The evidence is not very clear or satisfactory, but we think it sufficient to warrant the inference drawn by the referee. Dyer had been their attorney, had drawn the assignment, and we may presume was their adviser in respect to the same. He purchased for a nominal sum and took no transfer of the judgment so far as appears, and never made any claim to it, and no consideration was paid for it when he assigned it to plaintiff except that plaintiff said he would pay him $10 when he was able, and Dyer then inferentially disclaimed owning it and stated that it belonged to plaintiff, if anybody. Both the surviving Thursbys, the plaintiff and Robert had assumed to own the judgment, the former by making an affidavit upon which to make a motion for leave to issue execution, and the latter by assigning the same to Lidgerwood. These circumstances were sufficient to warrant the conclusion arrived at by the referee that Dyer acted for the Thursbys in the purchase of the judgment, and we cannot therefore interfere with that conclusion. It follows that the purchase by Dyer was in legal effect a purchase by the Thursbys and vested the title in them. No transfer from Dyer was necessary, and he had no interest in the judgment to transfer to the plaintiff and hence his assignment to the plaintiff conveyed no interest to him. The plaintiff had however an interest in the judgment as one of the Thursbys, by Dyer's purchase, and the question is whether they held the judgment after that as partners or tenants in common. The partnership had been dissolved by their insolvency and assignment for the benefit of creditors.

After that there was no general partnership between them, but as they held the judgment before the assignment as partners, it may, perhaps, be presumed that by the purchase they

intended to hold the judgment in the same right. In the absence of proof, I am inclined to think this is the natural inference. If so, either of the surviving partners had power to sell the judgment to close up the business, and for that purpose each was the agent of the other. This construction would render the assignment by Robert to Lidgerwood, in 1866, for himself and the plaintiff, valid as a transfer of the whole judgment, there being no evidence to affect the transfer as a legitimate act for the benefit of the partnership which had been restored as to this property.

The facts shown are very meagre, and they leave the points involved in some doubt, but we are inclined to this construction of the transaction from all the circumstances, and it follows that the judgment must be affirmed.

All concur.

Judgment affirmed.